REYNOLDS and others, Respondents, vs. PFISTER and another, imp., Appellants.

*October 2—October 23, 1917.*

*Sale of bonds: Contract construed: Apportionment of interest.*

An agreement made April 21, 1911, for the sale of railroad bonds provided for a cash payment not later than June 1 and payment of the balance not later than December 31, 1911, together with interest from April 7, 1911; that ownership of the bonds and of all proceeds thereof should be retained by the vendors until the

payments had been made; and that "in case the vendors shall have received interest in any form on account of said bonds for any period or time after April 7, 1911, the purchasers shall be entitled to credit for such interest." *Held*, that the vendors had the right to collect on July 1, 1911, the interest coupons representing the interest from January 1 to July 1, 1911, and to retain that part of such interest which had accrued from January 1 to April 7, 1911.

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

The appeal is from an order sustaining the demurrer of the plaintiffs to the answer of the defendants.

This is an action to determine the ownership of a fund amounting to $7,066.67, the interest accrued on bonds owned by the defendants and purchased by the plaintiffs in April, 1911, which sum is deposited with the First Trust Company of Milwaukee, under an agreement of the parties, until it will be determined to whom the fund belongs.

On April 21, 1911, the plaintiffs, constituting the Chicago & Milwaukee Assisting Syndicate, entered into an agreement with the defendants to purchase

"401—1922 Chicago & Milwaukee Electric Railroad Company bonds (Illinois Division), having a face value of $401,000, and also 530—1919 Chicago & Milwaukee Electric Railroad Company bonds (Illinois Division), having a face value of $530,000, free and clear of all liens, claims, and incumbrances, for the total sum of $1,122,636.25, upon the following terms and conditions, to wit:

"The purchasers shall pay the vendors for said bonds $300,000 in cash not later than June 1, 1911, with interest on $125,000 thereof at 5 % per annum from April 7, 1911, until paid, and the remaining portion of said purchase price, to wit: $822,636.25, within thirty (30) days after the sale of the Chicago & Milwaukee Electric Railroad (Illinois Division) under the decree of the United States court, but in no event later than December 31, 1911, together with inter-

est at the rate of 5 % per annum from April 7, 1911, until paid; *but in case the vendors shall have received interest in any form on account of said bonds for any period or time after April 7, 1911, the purchasers shall be entitled to credit for such interest.*"

"The vendors hereby obligate themselves simultaneously with the receipt of said cash payment of $300,000 to deposit said bonds (or the certificates representing the same) as security to the purchasers with the First Trust & Savings Bank, in Milwaukee, Wisconsin, with authority and direction to said trust company to deliver the same to the purchasers on the payment of the purchase price as hereinbefore set forth, . . . provided always, that the ownership of the said bonds and of all moneys or securities the proceeds thereof, or for which the same shall be exchanged, shall be retained for the sole and exclusive benefit of the vendors until payment made as hereinbefore provided."

The sum of $7,066.67 was received by the vendors on July 1, 1911, being the interest due on the 530 bonds from January 1, 1911, to April 7, 1911. The purchasers claimed this interest, but the vendors refused to pay over to the purchasers this amount, claiming that the stipulation of the agreement was intended to refer only to such interest as might accrue on the bonds from April 7, 1911, to such time as full purchase price of the bonds might be paid by the purchasers.

Answer was filed by the vendors, admitting the contract was made as alleged, but claiming that under its provisions the interest that accrued on these bonds prior to April 7, 1911, belonged to the defendants. A demurrer to this answer was sustained by the circuit court. This is an appeal from such order.

For the appellants there was a brief by *Miller, Mack & Fairchild* of Milwaukee, and oral argument by *Geo. P. Miller.*

For the respondents there was a brief by *Quarles, Spence*

& *Quarles,* attorneys, and *J. V. Quarles,* of counsel, all of Milwaukee, and oral argument by *J. V. Quarles.*

SIEBECKER, J.   It is admitted that the amount of interest involved in the action was part of the proceeds of the interest coupons of 530 bonds included in the sale under the contract of the parties, that it was collected by the defendants July 1, 1911, and that this amount represents interest due on the bonds from January 1, 1911, to April 7, 1911.   The terms of the contract for the sale of the bonds show that it was to be carried out in the future upon the conditions specified, but in no event later than December 31, 1911.

The sale was to be consummated upon payment of the purchase price, delivery of the bonds was to be made as specified in the writing, and "the ownership of the said bonds and of all the moneys or securities the proceeds thereof, or for which the same shall be exchanged, shall be retained for the sole and exclusive benefit of the vendors" until the payments therefor had been made by the purchasers.   Under these conditions of the transaction it was the right of the vendors to collect the interest coupons while in their possession when they came due.   The parties manifestly had this in mind and hence stipulated: "in case the vendors shall have received interest in any form on account of said bonds for any period or time after April 7, 1911, the purchasers shall be entitled to credit for such interest."   The ordinary meaning of this clause, when applied to the transaction, is that the purchasers were entitled to credit of all interest on the bonds collected by the vendors "for any period or time after April 7, 1911."   This clearly means that the vendors did not part with title to the interest accruing on the coupons while the bonds were in their possession, and that it was intended they should collect the same.   The parties evidently intended to make an apportionment of the interest which the vendors collected while they held title to the bonds after the last in-

terest-paying date, and agreed to fix April 7, 1911, as the date after which interest was to be credited to the purchasers. This idea harmonizes with all the terms of the agreement and gives effect to every part thereof. It is considered that the defendants are entitled to the interest fund in the custody of the trust company, and that the court erred in sustaining the plaintiffs' demurrer to the defendants' answer.

*By the Court.*—The order appealed from is reversed, and the cause remanded for further proceedings according to law.